## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

LARRY HOCKETT,          )
                                 )
           Plaintiff,         )
                                 )
        v.                  )     Case No. 05-4030-CV-C-NKL-SSA
                                 )
JO ANNE B. BARNHART,     )
Commissioner of Social Security,   )
                                 )
          Defendant.      )

## ORDER

Pending before the Court is Plaintiff Larry Hockett's ("Hockett") Motion for Summary Judgment (Doc. 7). Hockett seeks judicial review of the Commissioner's denial of his request for disability insurance benefits based on Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*

On February 11, 2004, following a hearing, the Administrative Law Judge ("ALJ") found that Hockett was not entitled to benefits under the Act and such determination became a final decision of the Commissioner upon the Appeals Council's denial of Hockett's request for review. Judicial review is appropriate because Hockett has exhausted his administrative remedies.

Upon review of the record, the Court determines that the ALJ's evaluation of this case was inadequate. In particular, the ALJ improperly discounted Hockett's credibility regarding the severity of his medical condition. Hockett, who was 60 years old at the

Case 2:05-cv-04030-NKL   Document 11   Filed 08/01/05   Page 1 of 4

time of the ALJ's decision, has undergone numerous procedures related to his impaired cardiovascular system. In July 1998, Hockett underwent a left heart catheterization. (Tr. 165.) In addition, stents were placed in his distal right coronary artery and proximal right coronary artery. In September 1999, Hockett underwent percutaneous transluminal coronary angioplasty, multi-vessel coronary angioplasty, and stents were placed in his left anterior descending coronary artery and first marginal branch of the left circumflex coronary artery. (Tr. 150, 156.) In February 2000, Hockett underwent staged percutaneous transluminal coronary angioplasty, and a stent was placed to correct a severe mid left anterior descending stenosis. (Tr. 146).

Hockett testified that he had worked for about thirty years as a tool and die maker. After that, he worked as a machinist for five years, until June 30, 2001. Hockett testified that he had stopped working because of his heart condition, especially atrial fibrillation. (Tr. 3.) Hockett testified that he has artrial fibrillation attacks about thirty times each year, and that when he has an attack, he becomes weak and lightheaded and cannot work as a result. (Tr. 38-39.) When he has such an attack, he will lie down regardless of where he is. (Tr. 42.)

The ALJ found that Hockett's testimony was not credible, in part because of Hockett's testimony that he had received a buyout from his employer at the time he stopped working. The ALJ noted that "[t]he claimant's testimony supports that he may well have retired as opposed to being unable to work as the results [sic] of his disabilities." (Tr. 4.) However, Hockett's testimony did not support that conclusion.

2

Rather, Hockett testified that he could not engage in full-time work because of his heart condition. (Tr. 38.) Hockett's credibility is bolstered by his earnings record, which reflects uninterrupted full-time work between the years of 1961 and 2001. (Tr. 76-77.) His credibility is also bolstered by a letter from Hockett's immediate supervisor, Randall Morgan—a letter that was submitted to the Appeals Counsel after the ALJ had rendered his decision. Morgan wrote that, during Hockett's last year of work, "his health was a concern for me and all of us at Lucent," and that Hockett was "not able to accomplish things that others in his same position could accomplish." (Tr. 408.) In particular, Hockett would become dizzy, which precluded him from climbing onto the work equipment. Morgan further wrote that "[w]e worked around his health problems as best we could." (Tr. 408.)

When viewed as a whole, the record supports the conclusion that Hockett ceased working because of his disabling cardiovascular condition, not because he wanted to take advantage of the buyout. The credibility of Hockett's testimony as to his medical condition is also supported by the record as a whole, including the documentation of his history of extensive medical procedures, his superb earnings record, his age, and the corroborative letter from his supervisor. The ALJ erred in discounting Hockett's testimony and in concluding that Hockett's decision to cease working was based solely on his desire to receive the company buyout.

Accordingly, for good cause shown, it is

ORDERED that Hockett's Motion for Summary Judgment (Doc. 7) is GRANTED.

The decision of the ALJ is REVERSED, and the Commissioner is ordered to pay benefits.


                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated:  August 1, 2005
Jefferson City, Missouri